IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CHRISTIAN, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 3:CV-15-2342 |
| : | |
| MUNICIPAL OFFICIALS, ET AL., : | (Judge Conaboy) |
| : | |
| Defendants : | |

_____

## MEMORANDUM
### Background

This pro se civil rights action was initiated by Julio Christian, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). After being directed to do so, Plaintiff submitted an in forma pauperis application.

Named as Defendants in the Complaint are "Municipal Officials (or) Officers, State Officers."  Doc. 1, p. 1. There are no Defendants described either by name or specific title.  The Complaint vaguely asserts only that unidentified individuals acting under color of state law have engaged in a conspiracy for the purpose of subjecting him to racially based retaliation and discrimination.

There are no actions or events whatsoever described or referenced in any way by the Complaint.  Rather, Christian simply sets forth a series of one sentence, wholly conclusory, vague and

1

repetitive allegations indicating that his constitutional rights were violated by unidentified state officials as part of some undisclosed racial discriminatory scheme. Plaintiff seeks some type of unspecified injunctive relief.

## **Discussion**

A district court when considering an action accompanied by a motion to proceed in forma pauperis, may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

In order to state a viable civil rights claim a plaintiff must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984). Each named defendant must be shown, via the complaint's allegations, to have

been personally involved in the events or occurrences which underlie those claims set forth in the Complaint. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[1]

Although pro se litigants are afforded liberal treatment, Haines v. Kerner, 404 U.S. 519, 520 (1972) the pending Complaint fails identify any Defendant, set forth the factual substance underlying Plaintiff's claims in short, concise and legible statements, or specify the constitutional claims and relief being sought. Based upon those deficiencies the Complaint is subject to dismissal.[2]

Furthermore, it appears that Plaintiff may be pursuing a claim that he was subjected to retaliation for his exercise of free speech. "Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was

---

[1] The United States Supreme Court in Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993), noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id.

[2] It is noted that Plaintiff has a history of filing similar deficient civil rights actions with this Court which also did not name specific defendants or raise any discernible factual allegations. Moreover, when offered opportunity to cure those defects via submission of an amended complaint, he has been unable to do so.

3

denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

In Rauser v. Horn, 241 F.3d 330, 333 (2001), the Third Circuit held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. Id. Allah defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him. Under Rauser, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. Id. at 334.

Based on those factors, it is clear that Plaintiff's vague contention of undisclosed retaliation by unidentified officials does not present any facts which could establish that his exercise of a constitutionally protected right was a substantial or motivating factor behind the alleged act of retaliation as required by Rauser.

4

**Conclusion**

Since Christian's Complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge


DATED: JANUARY 8 , 2016